IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL DIETZ**<br><br>v.<br><br>**LIBERTY MUTUAL INSURANCE COMPANY** | No. 2:20-cv-1239-MMB |

**MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS**

**Baylson, J.**                                                                                                      **June 22, 2020**

**I.     Introduction**

This case involves an insurance coverage dispute. In the Complaint, Daniel Dietz ("Plaintiff") states three claims to relief:

- **Count I:** Civil action for declaratory judgment.
- **Count II:** Breach of contract.
- **Count III:** Bad faith conduct arising out of underinsured motorist ("UIM") coverage under an automobile insurance policy issued by Liberty Mutual Insurance Company ("Defendant").

Defendant seeks dismissal only of Count III, for insurance bad faith. The issue before the Court is whether Plaintiff fails to state a claim for bad faith upon which relief can be granted. For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED**. Count III will be dismissed without prejudice and with leave to file an amended Complaint within thirty (30) days.

**II.    Factual and Procedural History**

On February 23, 2019, Plaintiff was injured in a motor vehicle collision. (ECF 1 at Ex. 1, Compl. ¶ 8.) At the time of the accident, Plaintiff had an automobile policy with Defendant for UIM benefit in the amount of $100,000.00 each person per accident. (Id. ¶ 18.) As of February 23, 2019, the policy insured five separate vehicles, in which four were insured under the non-stacking policy. (Id. ¶ 23; Compl. at Ex. F). Prior to the accident, the Dietz family added a fifth

vehicle to the policy, but Defendant did not obtain a new signed stacking waiver that reflected the addition of the fifth vehicle. (Id. ¶¶ 22-28.) Plaintiff alleged that he was entitled to the stacked UIM coverage for the five vehicles on the ground that the waiver was not obtained in a timely manner. (Id. ¶ 30.) Defendant denied Plaintiff's claim for UIM stacking of benefits. (Id. ¶ 32.) Plaintiff later requested Defendant provide a copy of the underwriting file to confirm the insurance coverage, but this request was denied by Defendant in a letter dated October 7, 2019. (Id. ¶ 25.) On November 6, 2019, Defendant offered to settle the UIM claim for $31,000. (Id. ¶ 31.)

On January 28, 2020, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania. Defendant removed the case to this Court on March 2, 2020 on the basis of diversity jurisdiction. (ECF 1, Notice of Removal.) On March 9, 2020, Defendant moved to dismiss Plaintiff's claim for bad faith pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF 3-2.) Plaintiff responded in opposition, (ECF 5-1), and Defendant replied in support, (ECF 8). With leave of Court, Plaintiff filed a sur-reply. (ECF 11.)

## III. Legal Standard

A claim may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss, the court must accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff. Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). It is a well-settled principle in civil procedure that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings

must include factual allegations to support the legal claims asserted.  556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**IV.     Parties' Contentions**

Defendant contends that Plaintiff's claim for bad faith must be dismissed for two reasons. Plaintiff addresses both of these arguments in his opposition and sur-reply.

First, Defendant argues the Complaint fails to show that Defendant lacked a reasonable basis for its action, or that Defendant either knew or recklessly disregarded its lack of a reasonable basis.  (ECF 3-2, Motion to Dismiss at 5.)  Defendant contends that failure to provide stacked coverage that Plaintiff believes he is entitled to does not amount to bad faith.  (Id. at 10.)  Further, Defendant points out there is a dispute as to whether Plaintiff is entitled to the stacked UIM coverage (Count I), and there is a dispute as to the overall value of the damages and losses sustained by Plaintiff (Count II).  (Id. at 11.)  Defendant asserts that the existence of such disputes cannot state a viable bad faith claim and Defendant is entitled to investigate and litigate issues of coverage.  (Id.)  Plaintiff responds that the bad faith claim is not premised upon the disputes as to the UIM coverage and the overall value of the damages, but is based on (1) Defendant's misrepresentation of the UIM coverage, (2) Defendant's refusal to provide the underwriting file which will determine the true amount of coverage available, and (3) Defendant's requiring Plaintiff to file a lawsuit in order to obtain certain documents.  (ECF 5-1, Opposition at 1.)

Second, Defendant contends that Plaintiff has not pleaded any facts that, if proven, would be sufficient to entitle him to relief.  (Motion to Dismiss at 5.)  Plaintiff emphasizes that the alleged

violation of the Unfair Insurance Practices Act ("UIPA") is evidence of bad faith. (Opposition at 8-9.) Defendant argues that UIPA violations could be evidence of bad faith when the actions in question were a general business practice, but Plaintiff fails to provide adequate factual allegations to satisfy this requirement.

## V.     Discussion

In Count III of the Complaint, Plaintiff seeks to recover under 42 Pa. Cons. Stat. § 8371, which provides a statutory remedy for bad faith conduct by insurers and allows courts to award interest, punitive damages, and court costs and attorney fees against the insurer. See, e.g., Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994) ("'Bad faith' on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy. . . . For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith." (citation omitted)).[1] Defendant has moved to dismiss this claim under Rule 12(b)(6) arguing that Plaintiff has failed to "assert a viable cause of action for bad faith" and has failed to "meet the pleading requirement of Federal Rule of Civil Procedure 8." (Motion to Dismiss at 3.)

In the insurance context, to survive a motion to dismiss, a plaintiff must plead specific facts and cannot simply rely on conclusory statements to sustain a bad faith claim. Smith v. State Farm Mut. Auto. Ins. Co., 506 F. App'x 133, 136 (3d Cir. 2012). District courts in the Third Circuit

---

[1] As a federal court sitting in diversity, the Court applies the substantive law of the state of Pennsylvania (as it has been interpreted by Pennsylvania courts). See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). In the absence of guidance from the Supreme Court of Pennsylvania, the Court looks to "decisions of [Pennsylvania] intermediate appellate courts, of federal courts interpreting [Pennsylvania's] law, and of other state supreme courts that have addressed the issue . . . ." Spence v. ESAB Grp., Inc., 623 F.3d 212, 216 (3d Cir. 2010) (quoting Norfolk S. Ry. Co. v. Basell USA Inc., 512 F.3d 86, 92 (3d Cir. 2008)).

evaluate the sufficiency of bad faith claims using the Terletsky test, which requires a plaintiff to allege that the defendant insurer (1) did not have a reasonable basis for denying benefits; and (2) knew or recklessly disregarded its lack of a reasonable basis.  Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 234 (3d Cir. 1997) (quoting Terletsky, 649 A.2d at 688).

Applying the Terletsky test to different types of insurance coverage disputes, district courts have "routinely dismissed bad faith claims reciting only bare-bones conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss."  Jones v. Allstate Ins. Co., No. 17-00648, 2017 WL 2633472, at *5 (E.D. Pa. June 19, 2017) (Pappert, J.).  This Court has also ruled on the sufficiency of bad faith claims brought pursuant to § 8371 on multiple occasions.  In compliance with the heightened pleading standard addressed by Twombly and Iqbal, this Court has dismissed bad faith claims for lack of sufficient facts to support the allegations.  See Eley v. State Farm Ins. Co., No. 10-cv-5564, 2011 WL 294031, at *12 (E.D. Pa. Jan. 31, 2011) (Baylson, J.) (granting motion to dismiss a bad faith claim that relied on "bare-bones" allegations devoid of factual specificity); Robbins v. Metro. Life Ins. Co. of Conn., No. 08-0191, 2008 WL 5412087, at *24 (E.D. Pa. Dec. 24, 2008) (Baylson, J.) (dismissing a bad faith claim that failed to provide sufficient facts to suggest that insurer lacked a reasonable basis for the denial of the benefits).

In similar fashion, Plaintiff alleges no factual content indicating that Defendant lacked a reasonable basis for denying the stacked UIM coverage, or that Defendant knew or recklessly disregarded the lack of reasonable basis.  Here, Plaintiff enumerates a series of conclusory allegations and asserts that Defendant failed to properly consider evidence provided by Plaintiff, engaged in unfair settlement negotiations, misrepresented facts in its evaluation of Plaintiff's claim, and so forth.  (Compl. ¶ 66.)  Similar to the bad faith claims the Court has previously

dismissed, the Complaint heavily relies on conclusory language and contains no factual allegations describing what evidence Defendant has failed to consider, specifying what was unfair about the negotiations, or explaining what misrepresentations Defendant may have made in handling Plaintiff's UIM claim. Because these allegations are conclusory in nature and provide no more than naked assertions of insurance bad faith, they are not entitled to the presumption of truth for purposes of resolving Defendant's Motion to Dismiss and must be supported by factual allegations.

Further, when evaluating nonconclusory factual allegations, a court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. Under this construction of Rule 8, the plausibility standard asks for "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; see Twombly, 550 U.S. at 557 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"). Applying the plausibility standard to the bad faith claims arising in insurance coverage disputes, the Superior Court of Pennsylvania has specified that "bad faith must be proven by clear and convincing evidence and not merely insinuated." Terletsky, 649 A.2d at 688 (citations omitted). Courts in the Third Circuit examining motions to dismiss find that the factual allegations provided in the complaint, although entitled to the presumption of truth, often fail to state plausible bad faith claims. See Smith, 506 F. App'x at 137 ("[F]ailure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith."); Kelley v. State Farm Fire & Cas. Co., No. 19- 0626, 2019 WL 2425135, at *5-6 (E.D. Pa. June 10, 2019) (Baylson, J.) (concluding that an insurer's failure to reimburse expenses does not itself state a plausible claim for unreasonableness); Robbins, 2008 WL 5412087, at *18 ("[A]s long as a reasonable basis for

denying the claim exists, even if it is not the actual basis relied upon by the insurance company, bad faith has not occurred.").

Similar to the cases cited above, the factual averments that Plaintiff relies on are not sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 544, 555. In the present case, Plaintiff provides three well-pleaded, nonconclusory factual allegations: (1) Defendant denied Plaintiff's claim for UIM stacking of benefits for five vehicles; (2) Defendant refused to provide the underwriting file upon request; (3) Defendant required Plaintiff to file a lawsuit in order to obtain the documents that will confirm the coverage. (Opposition at 1.) Plaintiff essentially asks the Court to infer insurance bad faith from these three factual allegations.[2] Although these averments make the bad faith claim possible, "they do not allow for any non-speculative inference that a finding of bad faith is plausible." Pasqualino v. State Farm Mut. Auto. Ins. Co., No. 15-0077, 2015 WL 3444288, at *13 (E.D. Pa. May 28, 2015) (Buckwalter, J.) (emphasis omitted). First, as discussed above, courts in the Third Circuit share the common understanding that a plaintiff cannot base a bad faith claim on the defendant's refusal to pay. A disagreement over the amount of a UIM claim is not unusual, and the existence of such disagreement cannot by itself state a viable bad faith claim. See Johnson v. Progressive Ins. Co., 987 A.2d 781, 785 (Pa. Super. Ct. 2009) ("The underlying facts involve nothing more than a normal dispute between an insured and insurer over the value of an UIM claim. The scenario under consideration occurs routinely in the processing of an insurance claim."). Second, Plaintiff's

---

[2] In 1009 Clinton Props., LLC v. State Farm Fire & Cas. Co., No. 18-5286, 2019 WL 1023889 (E.D. Pa. Mar. 4, 2019), Judge Kenney rejected a robotic reading of Twombly and Iqbal and allowed the bad faith claim to proceed to discovery, because some specific facts were "clearly not available to the plaintiff at the time of the filing of the complaint." Id. at *10-11. Two recent cases consider this ruling the outlier, not the standard. Cappuccio v. State Farm Fire & Cas. Ins. Co., No. 19-3025-KSM, at *10-11 (E.D. Pa. May 8, 2020) (Marston, J.); Shetayh v. State Farm Fire & Cas. Co., No. 5:20-cv-00693, 2020 WL 1074709, at *7 (E.D. Pa. Mar. 6, 2020) (Leeson, Jr., J.).

allegation of Defendant's refusal to provide the underwriting document is comparable to the allegation of parallel conduct in Twombly, which "gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of entitlement to relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted). In insurance coverage disputes, underwriting files often contain an insurer's evaluation of the risks presented on an insurance application, along with other confidential business information. Although a showing of Defendant's refusal to disclose the underwriting file may be consistent with bad faith, it is also as much in line with "a wide swath of rational and competitive business strategy." Id. at 554.

Lastly, Plaintiff asserts that Defendant's violations of certain provisions of the UIPA should be seen as evidence of bad faith, but this statement is devoid of specific factual allegations. As Defendant points out, 31 Pa. Code § 146.1 (1978) provides that such violations "will be deemed to constitute unfair claims settlement practices" if they occur with "a frequency that indicates a general business practice." Id. In Jack v. State Farm Fire & Casualty Co., No. 16- 5771, 2017 U.S. Dist. LEXIS 30136 (E.D. Pa. Mar. 3, 2017) (Baylson, J.), this court did not consider the insurer's alleged violation of the UIPA as a factor swaying against dismissal, because the insured failed to provide any facts showing that the insurer's actions were indeed a general business practice. Id. at *8-9. Similarly, in the present case, Plaintiff has pleaded no factual allegations showing that Defendant's actions occur on a regular basis that constitutes a general business practice.

## VI. Leave to Amend

Rule 15(a)(2) empowers courts to "freely give leave [to amend] when justice so requires". The Third Circuit has required district courts to "permit a curative amendment, unless an

amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In compliance with the Third Circuit's interpretation of Rule 15, this Court has routinely granted leave to amend § 8371 claims that have been dismissed for inadequate factual support. Kelly, 2019 WL 2425135, at *7. In the present case, it would not be inequitable or futile to allow Plaintiff to amend the Complaint to cure the deficiencies in Count III.

## VII. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is granted. Count III of Plaintiff's Complaint is dismissed without prejudice and with leave to file an Amended Complaint within thirty (30) days.

An appropriate Order follows.

O:\CIVIL 20\20-1239 Dietz v Liberty Mutual\20cv1239 Memorandum re Motion to Dismiss