**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DANIEL DIETZ**  <br><br>v.  <br><br>**LIBERTY MUTUAL INSURANCE COMPANY** | **No. 20-1239** |

**MEMORANDUM RE: MOTION TO DISMISS COUNT III OF PLAINTIFF'S AMENDED COMPLAINT**

**Baylson, J.**                                                                                                          **December 30, 2020**

## I.   INTRODUCTION

This case involves an insurance coverage dispute. In the Complaint, Daniel Dietz ("Plaintiff") states three claims to relief:

- **Count I**:  Civil action for declaratory judgment;
- **Count II**: Breach of contract;
- **Count III**: Bad faith conduct arising out of underinsured motorist ("UIM") coverage under an automobile insurance policy issued by Liberty Mutual Insurance Company ("Defendant").

Defendant seeks dismissal of Count III (Bad Faith). The issue before the Court is whether Plaintiff fails to state a claim for bad faith upon which relief can be granted. For the reasons below, Defendant's Motion to Dismiss Count III is granted.

## II.   FACTUAL AND PROCEDURAL HISTORY

We review the facts in the light most favorable to Plaintiff. On February 23, 2019, Plaintiff was severely injured in a motor vehicle accident. (Am. Compl. 3–4 ¶¶ 9–13, ECF 17). The other driver's insurance, Farmers' Insurance Company, carried a coverage limit of $50,000, which Defendant Liberty Mutual obtained on Plaintiff's behalf via settlement with Farmers'. (Id. at 4 ¶¶ 17–18). This sum did not cover all of Mr. Dietz's medical expenses from the accident, which he

1

claims entitles him to UIM coverage to help fill the gap of remaining medical costs. (Id. at 13–14 ¶¶ 62–63) .

Mr. Dietz had an automobile insurance policy with Liberty Mutual. (Id. at 2 ¶ 5). That policy insured five separate vehicles; four of them were insured under a non-stacking policy.[1] (Id. at 5–6 ¶¶ 23–30). The parties dispute whether stacked coverage was waived after a fifth vehicle was added to the policy, thus enabling Mr. Dietz to collect $500,000 total to cover accident-related expenses. (Id. at 9–10 ¶¶ 36–37).

After Mr. Deitz filed a claim with Liberty Mutual, Defendant denied coverage for the UIM stacking of benefits. (Id. at 6 ¶ 32). Plaintiff later requested that Defendant provide a copy of the underwriting file to confirm this coverage, but Defendant declined to do so until later ordered by this Court. (Id. at 7 ¶ 34). On November 6, 2019, Defendant offered to settle the UIM claim for $31,000.00. (Id. at 6 ¶ 31). Plaintiff took issue with this, believing that after the fifth vehicle was added to the policy, Liberty Mutual did not obtain an additional stacking waiver foregoing stacked coverage on the vehicle. (Id. ¶¶ 22–28.) Accordingly, Plaintiff alleges that, following the accident, he was entitled to stacked UIM coverage for the five vehicles on the ground that Liberty Mutual never obtained a waiver for such coverage. (Id. ¶ 29).

On January 28, 2020, Plaintiff filed a Complaint against Liberty Mutual in the Court of Common Pleas of Philadelphia County, Pennsylvania. (Notice at 13, ECF 1, Ex. 1). He sought a declaratory judgment, and alleged breach of contract and bad faith. Defendant removed the case to this Court on March 2, 2020, on the basis of diversity jurisdiction. (Civil Cover Sheet, ECF 1).

---

[1] In other words, because those vehicles were not insured for stacked coverage, any accident to occur would be insured up to that individual vehicle's limit; coverage limits from the other three vehicles could not be stacked to provide additional coverage. See generally 75 Pa. Con. Stat. § 1738(a) (explaining stacked coverage).

On March 9, 2020, Defendant moved to dismiss Plaintiff's claim for bad faith pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, ECF 3). On June 22, 2020, this Court issued an Order to dismiss Plaintiff's claim for bad faith without prejudice, with leave for Plaintiff to file an Amended Complaint. (Mem. Re: Def.'s Mot. to Dismiss, ECF 12). Plaintiff filed the Amended Complaint on July 17, 2020, and Defendant now moves to dismiss the III claim for bad faith.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss

Dismissal under Rule 12(b)(6) is appropriate when a plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

#### B. Bad Faith

42 Pa. Con. Stat. § 8371 provides a statutory remedy when insurers have acted in bad faith while investigating and reimbursing claims. The statute allows courts to award plaintiffs interest, punitive damages, and court costs and attorneys' fees. Pennsylvania has a two-part test to determine whether a complaint makes a facially plausible claim for bad faith under this section: a plaintiff must allege that the defendant insurer (1) lacked a reasonable basis for denying payment, and (2) knew or recklessly disregarded its lack thereof. Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 689–90 (Pa. Super. 1994); see also Klinger v. State Farm Mut. Auto. Ins. Co.,

115 F.3d 230, 233 (3d Cir. 1997); Rancosky v. Wash. Nat'l Ins. Co., 170 A.3d 364, 376 (Pa. 2017) (adopting Terletsky's test).

     Mere averment that an insurer had no reasonable basis for refusing to reimburse a plaintiff is a conclusory legal statement, not a factual allegation. Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 599 (E.D. Pa. 2010) (Gardner, J.). Lack of a reasonable basis may be inferred from '[r]eckless indifference to facts or to proofs submitted by the insured." Rancosky, 170 A.3d at 375 (internal quotation marks omitted). However, "the mere fact that [an insurer] denied [plaintiff's] request for coverage," without factual specifics as to the "who, what, where, when, and how" of the denial, does not plausibly show reckless indifference. Blasetti v. Allstate, No. 11-6920, 2012 WL 177419, *4 (E.D. Pa. Jan. 23, 2012) (O'Neill, J.) (quoting Liberty Ins. Corp. v. PGT Trucking, Inc., No. 11-151, 2011 WL 2552531, *4 (W.D. Pa. June 27, 2011)). Further, alleging an insurer failed to pay for claims covered by an insurance policy, even if the loss-causing incident is uncontested and plaintiff allegedly fulfilled all prior conditions, does not itself state a plausible claim for an unreasonableness basis. See, e.g., Eley v. State Farm Ins. Co., No. 10-cv-5564, 2011 WL 294031, *5 (E.D. Pa. Jan. 31, 2011) (Baylson, J.) (dismissing a § 8371 claim alleging only that the insurer had no reasonable basis to deny a claim for a covered injury given plaintiff's compliance with all precedent conditions of the insurance policy); Atiyeh 742 F. Supp. at 599 (concluding that allegations of water damage covered under a prior insurance policy with fully paid premiums were "'bare-bones' conclusory allegations" insufficient to support a bad faith claim).

### IV. PARTIES' ARGUMENTS

#### A. Defendants

Defendant argues that Plaintiff's statutory claim for bad faith must be dismissed, because Plaintiff failed to plead sufficient factual material in support. (Def.'s Mot. to Dismiss 2, ECF 18-1). Defendant contends that the Amended Complaint fails to show that it lacked a reasonable basis for denying Mr. Dietz stacked coverage, and that it failed to show that Defendant either knew or recklessly disregarded its lack of reasonable basis. (Id. at 5). Defendant points out that Amended Complaint remains mostly the same as the original, previously dismissed Complaint and that the allegations boil down to a legal conclusion: Defendant denied coverage that Plaintiff believed he was entitled to, thus acting in bad faith. (Id. at 6). Citing ample legal support, Defendant contends these types of claims are routinely dismissed and this matter should be no different. (Id. at 7–10).

#### B. Plaintiff

Plaintiff responds that the bad faith claim is not premised upon the disputes surrounding the UIM coverage; but rather upon Defendant's misrepresentation of that coverage and refusal to disclose the underwriting agreement. (Pl.'s Resp. in Opp'n 1, ECF 19). Plaintiff asserts that the Defendant refused to produce the underwriting file because it contained information that would demonstrate Defendant falsely represented the coverage amount. (Id. at 1–2). Plaintiff argues this alleged concealment and misrepresentation by the Defendant constitute an act of bad faith. (Id.)

### V. DISCUSSION

Defendant has moved to dismiss this claim under Rule 12(b)(6) arguing that Plaintiff failed to assert a viable cause of action for bad faith under the pleading requirements of Federal Rule of Civil Procedure 8. The Third Circuit evaluates the sufficiency of bad faith claims under a two-part test, which requires a plaintiff to allege that the defendant insurer (1) did not have a reasonable

5

basis for denying the benefits; and (2) knew about or recklessly disregarded its lack of a reasonable basis. Klinger, 115 F.3d at 234 (quoting Terletsky, 649 A.2d at 688); see also supra III.B. This Court finds that Plaintiff has not sufficiently pleaded a claim for bad faith, and dismisses Count III of the Amended Complaint with prejudice.

Plaintiff alleges no factual content indicating that Defendant (1) lacked a reasonable basis to deny coverage or (2) that Defendant knew or recklessly disregarded the lack of reasonable basis. Rather, Plaintiff essentially asks the Court to infer—without providing any supporting facts—that Defendant's sole motivation in withholding the underwriting file was to deceive Plaintiff. (Pl.'s Resp. in Opp'n at 2–3); cf. Estakhrian v. Cont'l Gen. Ins. Co., No. 2:06-CV-00218, 2006 WL 8458741, *7 (E.D. Pa. Dec. 19, 2006) (Davis, J.) ("There is no bad faith where the insurer's actions are 'fairly debatable.'") But this Court has already addressed reasons other than bad faith that might explain why Defendant refused to provide the underwriting document. (Mem. Op. Re: Mot. to Dismiss at 8) (finding underwriting files often contain an insurer's evaluation of the risks along with other confidential business information, to be in line with "a wide swath of rational and competitive business strategy"). Count III of Plaintiff's Amended Complaint has not alleged any facts that plausibly suggest Defendant had no reasonable basis to deny Plaintiff stacked coverage, nor that Defendant knew or disregarded the lack of any such basis.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Count III (Bad Faith) will be granted. An appropriate Order follows.

**BY THE COURT:**

**s/ Michael M. Baylson**

**Michael M. Baylson, U.S.D.J**

/Volumes/Judge Baylson/CIVIL 20/20-1239 Dietz v Liberty Mutual/20cv1239 memo re MTD count III am compl.docx